UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAUL OGBEVOEN, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-04-3595 |
| § | |
| ARAMARK CAMPUS, INC., § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Pending before the Court in this employment discrimination case is Defendant ARAMARK Campus, Inc.'s ("ARAMARK") motion for expedited reconsideration of the Court's June 13, 2006 Memorandum and Order, which denied ARAMARK's motion for summary judgment. After considering the motion and the applicable law, the Court finds that the motion, Docket No. 35, should be and hereby is **DENIED**.

A motion for reconsideration may not be used to rehash rejected arguments or to introduce new ones that could have been offered earlier. *See, e.g.*, *LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005). Reconsideration is, rather, an unusual remedy that should be used sparingly. *Id.* Here, ARAMARK asserts two grounds for reconsideration: (1) the Court's failure to consider ARAMARK's reply to Plaintiff Paul Ogbevoen's response to the summary judgment motion and (2) the Court's alleged failure to address ARAMARK's legitimate, non-discriminatory reason for Ogbevoen's termination.

The rules of this Court provide that a response to a motion must be filed, if at all, within twenty days of the filing of the motion. It is the practice of the Court then to allow

1

ten days from the response date for the filing of a reply brief. ARAMARK filed its summary judgment motion on April 11, 2006. On May 17, 2006, Ogbevoen filed a motion, which ARAMARK opposed, to extend the response deadline. The Court granted the motion, setting a new response deadline of May 26, 2006. Ogbevoen filed his response on May 25, 2006.

ARAMARK filed its reply brief on June 12, 2006, nearly three weeks after the response was filed, without seeking leave of the Court or an extension of time – and, indeed, without even notifying the Court that it wished to file a reply. As justification for this unauthorized action, ARAMARK now asserts that it did not receive electronic notification of the filing of Ogbevoen's response until June 1, 2006, and that it filed its reply brief seven business days later. The Court notes at the outset that it is the responsibility of counsel to keep abreast of filings and deadlines. Moreover, even if delayed notification constitutes good reason for an extension of the reply deadline, it does not relieve ARAMARK of the obligation to request such an extension before filing an untimely submission. Finally, as ARAMARK should be aware, the Court's ten-day reply deadline is measured in actual days, not business days. Accordingly, ARAMARK has not shown that the Court erred in failing to consider its reply brief. Nonetheless, the Court has now considered it, and adheres to its original ruling.

ARAMARK also contends that the Court did not consider ARAMARK's proffered legitimate, non-discriminatory reason for terminating Ogbevoen. In denying summary judgment, the Court noted that Ogbevoen's summary judgment evidence cast doubt upon ARAMARK's assertion that Ogbevoen's poor performance was the reason for his termination. ARAMARK protests that the termination actually was the result of

customer complaints. The Court cannot discern a meaningful difference between these two formulations of what is essentially the same argument – namely, that Ogbevoen failed to operate the ARAMARK facility in an efficient and orderly manner, which led to customer dissatisfaction. It is, after all, the job of a manager in any service industry to keep customers satisfied. The failure to do so – here, the alleged failure to keep the facility clean and running well – is the very definition of poor performance. Accordingly, because ARAMARK has shown no valid reason for reconsideration of the June 13 Memorandum and Order, its motion is hereby **DENIED**. Trial will commence, as scheduled, at 8:30 a.m. on July 31, 2006, in Courtroom 8C.

    **IT IS SO ORDERED**.

    **SIGNED** at Houston, Texas, on this the 20th day of June, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**